## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVERETT HOUCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1247-F |
| ) | |
| OKLAHOMA WORKERS ) | |
| COMPENSATION COURT, ) | |
| MARCIA WILLIAMSON, ) | |
| DREW EDMONDSON, State Attorney ) | |
| General, COMPUSOURCE OK, and ) | |
| LARRY BRAWNER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Two motions to dismiss are before the court.  The first is brought by two defendants, Drew Edmondson (identified in the Complaint as "Oklahoma State Attorney General and State Attorney General") and by the Oklahoma Workers' Compensation Court.  (Motion to Dismiss, filed November 28, 2005, doc. no. 11.) The second is the motion of defendants CompSource Oklahoma (identified in the Complaint as "Compusource OK) and Larry Brawner.  (Motion to Dismiss of Defendants CompSource Oklahoma and Larry Brawner, filed December 2, 2005, doc. no. 14.)

Although a response to the first motion was due December 16, 2005, and a response to the second motion was due December 20, 2005, no response has been filed to either motion and no request for an extension of time within which to file a response has been filed.

Plaintiff appears pro se, and his pleadings are liberally construed.

LCvR 7.2(f) states that a party opposing a motion shall file with the clerk and serve upon all other parties a response within 18 days from the date the motion was filed, and that any motion which is not opposed within 18 days may, in the discretion of the court, be deemed confessed.  The court has reviewed the motions and the Complaint and determines that it is appropriate to deem both motions confessed and granted on that basis.

Although not necessary to do so, the court has gone on to consider the merits of some of the arguments set out in the motions.  Briefly stated, and as an alternative ground to dismissal, the court further finds and concludes as follows.

There are no jurisdictional allegations included in the Complaint, nor are any facts alleged or laws cited which would appear to confer subject matter jurisdiction by reason of a federal question.  *See*, 28 U.S.C. § 1331.  As for diversity jurisdiction, the judicial records attached to the motions (of which the court may take judicial notice without converting the motions to summary judgment motions), indicate that plaintiff is a citizen and resident of Oklahoma.  The court takes judicial notice that at least some of the defendants are obviously citizens of Oklahoma.  Accordingly, there is no diversity jurisdiction.  *See*, 28 U.S.C. § 1332.  Accordingly, the court has no subject matter jurisdiction and this action should be dismissed under Fed. R. Civ. P. 12(b)(1).

This action seeks relief which can only be granted by the appellate courts for the state courts.  The Complaint alleges that, "To correct this injustice, there needs to be a monetary award for all the people who were injured by this court [the Workers' Compensation Court],  and a new and fair hearing on their cases."  In <u>McCorvey v. State Insurance Fund</u>, 535 F. Supp. 5 (W.D. Okla. 1981),  Judge Daugherty held that the federal court lacked jurisdiction over a case which sought appellate review of

adverse decisions rendered by the Oklahoma Workers' Compensation Court and the Oklahoma Supreme Court.  On this basis, the district court granted the State Insurance Fund's motion to dismiss, and granted the motion for summary judgment of the Oklahoma Supreme Court, the Workers' Compensation Court, and the Kate Bernard Community Center of the Department of Corrections.  *Id* at *6.  To the extent that the instant Complaint seeks a remedy such as "to correct the injustice" of a wrongly decided workers' compensation case (or cases), this action seeks relief which this court lacks jurisdiction to grant.  *Id*.  Thus, to the extent that plaintiff's claims appear to seek a different result in workers compensation cases, plaintiff's claims are dismissed for lack of jurisdiction under Rule 12(b)(1); or, if the court has jurisdiction over such claims, such claims are dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Defendant Larry Brawner argues that there are no allegations in the Complaint which pertain to him and that he is therefore entitled to dismissal under Rule 12(b)(6).  The court agrees and finds that the same is true with respect to non-moving defendant Marcia Williamson, who is named in the caption of the Complaint as a defendant but who is not otherwise mentioned in the allegations and who does not appear from the docket to have been served.

## Conclusion

For all of these reasons, after careful consideration, both motions to dismiss are **GRANTED** as confessed.  Alternatively, both motions are also **GRANTED** on their merits for the reasons stated in the body of this Order, under Rules 12(b)(1) and 12(b)(6).  Accordingly, the moving defendants are hereby **DISMISSED** without prejudice from this action.

Non-moving defendant Marcia Williamson is **DISMISSED** without prejudice *sua sponte* under Rule 12(b)(1) because the court has no jurisdiction over this action, and, alternatively, under Rule 12(b)(6) for failure to state a claim.

Dated this 22nd day of December, 2005.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1247p001(pub).wpd